IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HOPKINS,

                       Petitioner,

v.

JACKIE LYNN WEBB,

                       Respondent.

ORDER

16-cv-268-jdp

---

Petitioner John Hopkins initiated this case by filing an *ex parte* motion for entry of a temporary restraining order under the Hague Convention on the Civil Aspects of International Child Abduction. Dkt. 3. Ultimately, Mr. Hopkins seeks the return of C.H., the minor child of Mr. Hopkins and respondent, Jackie Lynn Webb.

The court held an *ex parte* motion hearing on April 27, 2016. After considering counsel's arguments and certification, petitioner's testimony, and the partially verified petition, the court determined that an *ex parte* TRO was warranted. As it turned out, however, Ms. Webb and C.H. could not be located. But counsel appeared for Ms. Webb in this court on May 12. On May 13, the court held a hearing to determine how to proceed to a resolution on the merits now that Ms. Webb had appeared by counsel.

At the hearing, counsel informed the court that Ms. Webb passed away very recently and that C.H. is the subject of a temporary custody order issued by Judge Barry Brown of the Sumner County, Tennessee, court. Pursuant to Judge Brown's order, C.H. is now in the temporary legal custody of the Tennessee Department of Children's Services (TDCS). Counsel for Ms. Webb indicated that a member of Ms. Webb's family intends to seek

custody of C.H. and intends to resist Mr. Hopkins' attempts to return C.H. to Northern Ireland.

In light of this information, the court will do three things. First, the case is unsealed. Second, to preserve Mr. Hopkin's right to a decision on the merits of his petition, and to ensure that C.H. is available for return to his father's custody, should that be the ultimate result of these proceedings, the court will, contemporaneously with this order, issue a TRO to C.H.'s current custodian, TDCS. Third, the court will transfer this case to the United States District Court for the Middle District of Tennessee, where C.H. is currently located. *See* 22 U.S.C. § 9003(b) ("Any person seeking to initiate judicial proceedings under the [Hague] Convention for the return of a child . . . may do so by commencing a civil action . . . in the place where the child is located at the time the petition is filed.").

This court would be ready to accept the re-transfer of this case, should the District Court for the Middle District of Tennessee determine that it would be appropriate to place C.H. with a family member in this district while these proceedings are pending.

ORDER

IT IS ORDERED that:

1. This case is unsealed.

2. Petitioner's *ex parte* motion for a temporary restraining order, Dkt. 3, is GRANTED. The court will issue the *ex parte* TRO in a separate order.

3. Following issuance of the *ex parte* TRO, this case is transferred to United States District Court for the Middle District of Tennessee.

Entered May 13, 2016.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge